19-0735-cr
*United States v. Dontrell Wise*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand twenty-one.

Present:

> JOHN M. WALKER,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI
> *Circuit Judges*,

―――――――――――――――――――――――――――――――

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                                  19-0735-cr

JERELL D. WEATHERSBY, LEMARIO JONES, AKA LEMARLO JONES, AKA MARIO JONES, AKA PYZON, AKA PY,

*Defendants*,

DONTRELL R. WISE, AKA TRELL,

*Defendant-Appellant*.

―――――――――――――――――――――――――――――――

| | |
|---|---|
| For Appellee: | MONICA J. RICHARDS, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney, Western District of New York, Buffalo, NY |
| For Defendant-Appellant: | JILLIAN S. HARRINGTON, Law Office of Jillian S. |

1

Appeal from a judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Dontrell Wise appeals from a judgment of conviction entered on March 19, 2019, after a jury found him guilty of (1) conspiracy to possess with intent to distribute heroin, butyryl fentanyl, fentanyl, cocaine, and cocaine base resulting in death;[1] (2) possession of butyryl fentanyl with intent to distribute;[2] and (3) distribution of fentanyl resulting in the death of a woman named Amanda Jarczyk.[3] We assume the reader's familiarity with the record.

On appeal, Wise argues that insufficient evidence supports each of his three convictions and that the district court erred in admitting the expert testimony of Drug Enforcement Administration Special Agent James McHugh. As explained below, we disagree, and thus affirm the judgment of the district court.

I. **Sufficiency of the Evidence**

We evaluate challenges to the sufficiency of the evidence underlying a criminal conviction by asking "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Willis*, 5 F.4th 250, 261 (2d Cir. 2021) (internal quotation marks omitted). We "draw all permissible inferences in favor of the government and resolve all issues of credibility in favor of the jury's verdict." *Id.*

Wise attacks the credibility of several of the government's witnesses—witnesses who testified to, *inter alia*, selling drugs on Wise's behalf, purchasing drugs from Wise, or, in the case of Brittney Ridgeway, reselling drugs that she had purchased from Wise to Jarczyk shortly before Jarczyk's death. "We will not attempt to second-guess a jury's credibility determination[s] on a sufficiency challenge . . . ." *United States v. Baker*, 899 F.3d 123, 130 (2d Cir. 2018) (citation omitted). "It is . . . well established that it is the province of the jury and not of the court to determine whether a witness who may have been inaccurate, contradictory and even untruthful in some respects was nonetheless entirely *credible in the essentials* of [her] testimony." *United States v. Flores*, 945 F.3d 687, 710–11 (2d Cir. 2019) (internal quotation marks omitted).

Wise's remaining sufficiency challenges fault the government for proving some of its case through circumstantial evidence and for failing to disprove innocent alternative explanations for

---

[1] In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 851.

[2] In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 851, and 18 U.S.C. § 2.

[3] In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 851, and 18 U.S.C. § 2.

some of Wise's conduct.[4] The government did, as noted above, introduce direct evidence in the form of eyewitness testimony. But direct evidence is not required. "[T]he government is entitled to prove its case solely through circumstantial evidence, provided, of course, that the government still demonstrates each element of the charged offense beyond a reasonable doubt." *United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008) (quotation marks omitted). Wise's attempts to isolate certain pieces of circumstantial evidence presented by the government to argue the insufficiency of each individual piece misstate the standard of review. Our assessment "looks at the evidence in its totality, and the [g]overnment need not negate every theory of innocence." *Id.* (internal quotation marks and citation omitted). Examining the trial evidence in its totality and viewing that evidence in the light most favorable to the government, we conclude that a rational jury could have found the elements of each of the three counts beyond a reasonable doubt. Accordingly, we reject Wise's sufficiency challenges.

## II. Admission of Agent McHugh's Expert Testimony

We review a preserved objection to the district court's admission of expert testimony for abuse of discretion, *United States v. Mejia*, 545 F.3d 179, 193 (2d Cir. 2008), and an unpreserved objection for plain error, *see* Fed. R. Crim. P. 52(b). Under either standard, we discern no error in the district court's admission of Agent McHugh's expert testimony under Fed. R. Evid. 702.

Wise argues that Agent McHugh's testimony, including concerning drug traffickers' frequent use of rental cars, application of after-market tints to the windows of these cars, and practice of separating possession of drugs from money among different individuals while traveling to reduce legal exposure in the event of a run-in with law enforcement, was unnecessary and impermissibly bolstering. Although we have held that the operations of drug traffickers are a proper subject for expert testimony, we have cautioned that "such testimony should normally be used only for subjects that have aspects reasonably perceived as beyond the ken of the jury." *United States v. Tapia-Ortiz*, 23 F.3d 738, 740 (2d Cir. 1994). Agent McHugh's testimony meets this standard. We have no trouble concluding that jurors would not necessarily be aware of such practices by drug dealers, and that the expert testimony was appropriate in this regard. *Id.* at 741.

Moreover, even if we were to conclude otherwise, the government's use of expert testimony to explain "that drug traffickers employ certain techniques . . . to avoid detection" would still have been proper because Wise argued that the government's version of events did not suggest criminal activity. *Id.* We do not accept Wise's claim that Agent McHugh's testimony bolstered or mirrored the testimony of the fact witnesses. A fact witness's credibility may not be bolstered "when the witness's version is not attacked as improbable." *United States v. Cruz*, 981 F.2d 659, 663 (2d Cir. 1992). But that is not the case here. Not only is the credibility of the fact witnesses the centerpiece of Wise's appeal, but also the expert's testimony on discrete topics went beyond

---

[4] Wise also argues that the admission of Agent McHugh's testimony was error, and that, absent this testimony, there was insufficient evidence for the jury to find a conspiracy among Wise, the government's fact witnesses, and co-defendant Jerell Weathersby, and to find that Wise aided and abetted Weathersby's possession of butyryl fentanyl with intent to distribute. Agent McHugh's testimony provided relevant context for the jury to find a link from Wise to the butyryl fentanyl found in Weathersby's pocket. As discussed below, we discern no error in the district court's admission of Agent McHugh's testimony.

the scope of the fact witnesses' versions of events.  Thus, the district court did not err in admitting Agent McHugh's expert testimony.[5]

\*　　　\*　　　\*

We have considered Wise's remaining arguments—including those raised in his *pro se* supplemental brief—and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[5] Nor does the limited overlap between small portions of Agent McHugh's testimony and the testimony of certain fact witnesses—concerning the practice of breaking distribution-level amounts of drugs into retail-level portions and diluting the drugs to increase profits—suggest that Agent McHugh's testimony strayed outside the bounds of Fed. R. Evid. 702.  *See United States v. Amuso*, 21 F.3d 1251, 1263–64 (2d Cir. 1994) (finding no error where expert law enforcement witness's testimony overlapped with fact witnesses' testimony).